1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY LEE ALLEN, JR.,                     No.  2:14-cv-1958 AC P

12              Plaintiff,

13        v.                                      ORDER

14   P. SILVA, et al.,

15              Defendants.

16

17        Plaintiff proceeds pro se in this civil rights action challenging conditions of his prior

18   confinement at High Desert State Prison (HDSP), under the authority of the California

19   Department of Corrections and Rehabilitation (CDCR).  Although plaintiff commenced this

20   action while incarcerated at HDSP, he is now incarcerated at the Rio Cosumnes Correctional

21   Facility (RCCF), operated by the Sacramento County Sheriff's Department.  Plaintiff has

22   consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28

23   U.S.C. § 636(c), and Local Rule 305(a).  See ECF No. 6.

24        Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF

25   No. 9.  However, because it is clear that this action must be dismissed without prejudice, see

26   discussion below, the court will not rule on plaintiff's request or impose payment of the statutory

27   filing fee in this action.

28   ////

                                                  1

1  I. <u>Legal Standards for Screening Prisoner Civil Rights Complaint</u>

2          The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7          In addition, the court must determine whether plaintiff exhausted his available

8  administrative remedies on his claims before filing his complaint.  The Prison Litigation Reform

9  Act (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before

10 commencing a suit challenging prison conditions. 42 U.S.C. § 1997e(a).  Regardless of the relief

11 sought, a prisoner must pursue a remedy through all levels of the prison's grievance process "as

12 long as some action can be ordered in response to the complaint."  <u>Brown v. Valoff</u>, 422 F.3d

13 926, 934 (9th Cir. 2005) (original emphasis) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)).

14 "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

15 rules because no adjudicative system can function effectively without imposing some orderly

16 structure on the course of its proceedings."  <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-1 (2006) (fn.

17 omitted).  Administrative remedies must be exhausted before the complaint is filed.  <u>McKinney v.</u>

18 <u>Carey</u>, 311 F.3d 1198 (9th Cir. 2002)

19         Although the PLRA does not require exhaustion "when circumstances render

20 administrative remedies 'effectively unavailable,'" <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 822 (9th Cir.

21 2010) (citation omitted), the Ninth Circuit requires demonstration of "a good-faith effort on the

22 part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies

23 effectively unavailable," <u>Albino v. Baca</u>, 697 F.3d 1023, 1035 (9th Cir. 2012); <u>see</u> <u>also</u> <u>Sapp</u>, 623

24 F.3d at 823-24 (to fall within an exception to the exhaustion requirement, "a prisoner must show

25 that he attempted to exhaust his administrative remedies but was thwarted").

26 II. <u>The Allegations of Plaintiff's Complaint</u>

27         Plaintiff sues HDSP Sergeant P. Silva for directing two female officers and other staff to

28 conduct an unclothed body search of plaintiff in view of "free staff, meaning teachers, chaplains,

1    cooks, etc." ECF No. 1 at 3.  Plaintiff contends that the search was conducted in violation of

2    CDCR regulation 15 Cal. Code Regs. § 3287, which provides in pertinent part:

3        All such inspections shall be conducted in a professional manner
         which avoids embarrassment or indignity to the inmate.  Whenever
4        possible, unclothed body inspections of inmates shall be conducted
         outside the view of others.
5

6    Plaintiff also contends that his "8th Amendment right was violated."  Id. at 3.  Plaintiff also

7    generally names as defendants HDSP and CDCR.  Plaintiff seeks the following relief:  "If

8    possible I would like the court to apoint (sic) a lawyer and then I would like the court to consider

9    a hearing for this case."  Id.

10       Plaintiff concedes without explanation that he did not exhaust his administrative remedies

11   before filing his complaint.  Id. at 2 (plaintiff answered "No" to the question, "Is the grievance

12   process completed?").

13   III.  Screening and Dismissal of Plaintiff's Complaint Without Prejudice

14       Plaintiff's acknowledgement that he did not complete the grievance process before filing

15   suit, without any assertion or statement from which it might be reasonably inferred that such

16   remedies were unavailable, demonstrates that plaintiff's claims were unexhausted when the

17   complaint was filed.  See Brown, 422 F.3d at 934 (exhaustion requires completing grievance

18   process through all available levels of review).  This acknowledged lack of exhaustion authorizes

19   dismissal of this action without prejudice.  See 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d

20   1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for

21   dismissal, so long as no exception to exhaustion applies.").  Plaintiff has made no statement

22   indicating that he made any effort to exhaust his administrative remedies, or that HDSP's

23   administrative grievance system was unavailable to him, so no exception applies.  "There is no

24   question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be

25   brought in court."  Jones v. Bock, 549 U.S. 199, 211 (2007).  Accordingly, the complaint must be

26   dismissed without prejudice to refiling once plaintiff has exhausted his administrative remedies.

27       In addition, plaintiff is informed that the alleged failure of prison officials to follow state

28   prison regulations or procedures does not state a federal civil rights violation under Section 1983.

3

1   See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) ("To the extent that the

2   violation of a state law amounts to the deprivation of a state-created interest that reaches beyond

3   that guaranteed by the federal Constitution, Section 1983 offers no redress."); Galen v. County of

4   Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate

5   a violation of federal law, not state law.") (citing Sweaney at 1391).  As plaintiff concedes,

6   unclothed body searches are expressly authorized by prison regulations, and such policy, standing

7   alone, violates neither the Fourth nor Eighth Amendment because reasonably related to legitimate

8   and nonpunitive penological goals.  See Michenfelder v. Sumner, 860 F.2d 328, 329-35 (9th Cir.

9   1988) (citing Turner v. Safley, 482 U.S. 78 (1987)).  Moreover, unless plaintiff can reasonably

10  allege that the challenged search was maliciously conducted for punitive reasons, the Eighth

11  Amendment's proscription against cruel and unusual punishment does not apply.  Finally, neither

12  HDSP nor CDCR are appropriate defendants.  See Regents of the University of California v. Doe,

13  519 U.S. 425, 429 (1997) (Eleventh Amendment's grant of state sovereign immunity bars

14  damages suits against states and their agency).

15  IV.  Conclusion

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1.  Plaintiff's complaint and this action are dismissed without prejudice; and

18          3.  The Clerk of Court is directed to close this case.

19  DATED: August 26, 2015

20  _____

21  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28